UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

KEE K. KIM, as Personal
Representative of the Estate of Gee
B. Sunn, Deceased, and as Natural
Guardian for GNS and FS,

                    Plaintiff,

vs.                                    Case No.  2:09-cv-667-FtM-29DNF

POLO R. STABER, GEICO CASUALTY
COMPANY,

                    Defendants.
_____

                         **OPINION AND ORDER**

     This matter comes before the Court upon Defendant GEICO Casualty Company's Motion to Dismiss and Motion to Sever Count I of Plaintiff's Amended Complaint (Doc. #7). Plaintiff filed a response on November 5, 2009 (Doc. #12) acquiescing in the motion to dismiss Count I.

     The Court agrees with the parties that there is no case or controversy as to GEICO relating to Count I. Therefore, Count I will be dismissed as to GEICO.

     The Court also agrees with GEICO that defendant Polo R. Staber was fraudulently joined in Count I for the sole purpose of destroying diversity jurisdiction. Fraudulent joinder exists where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the

claim against the non-diverse defendant.  <u>Triggs v. John Crumpa Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998)(citing <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1355 (11th Cir. 1996), <u>abrogated on other grounds by</u> <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000)); <u>Stone v. Zimmer, Inc.</u>, No. 09-80252-CIV, 2009 WL 1809990, at *2 (S.D. Fla. 2009).  In Count I, plaintiff seeks a declaratory judgment because there is a dispute "as to whether or not Polo Staber has cooperated with plaintiff, and if he has not cooperated with plaintiff, whether said failure to cooperate violates the mediated settlement agreement."  (Doc. #2, ¶ 11.)  Nothing in the Amended Complaint would justify joinder of GEICO and Staber pursuant to Fed. R. Civ. P. 20.  In the ten months this case has been pending in federal court, plaintiff has made no apparent effort to serve Staber with process, despite knowing he was incarcerated.

Accordingly, it is now

**ORDERED:**

1.  GEICO' Motion to Dismiss Count I of the Amended Complaint (Doc. #7) is **GRANTED,** and Count I is **DISMISSED** as to GEICO.

2. GEICO's Motion to Sever Count I of the Amended Complaint (Doc. #7) is **GRANTED,** and Count I as it relates to Polo R. Staber is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

3.  The clerk of the court shall send a certified copy of this Opinion and Order to the Clerk Twentieth Judicial Circuit in and for Lee County, Florida pursuant to 28 U.S.C. § 1447.

**DONE AND ORDERED** at Fort Myers, Florida, this  30th  day of August, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record